IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

BEHAVIOR ANALYST CERTIFICATION
BOARD, INC.,

      Plaintiff,

v.

MICHAEL MOATES, an individual;
MISTY KIESCHNICK, an individual;
and THE GLOBAL INSTITUTE OF
BEHAVIORAL PRACTITIONERS
AND EXAMINERS.

      Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff, Behavior Analyst Certification Board, Inc. ("the BACB"), by undersigned counsel, respectfully brings this Complaint against Michael Moates ("Moates"), Misty Kieschnick ("Moates' Mother"), and the Global Institute of Behavioral Practitioners and Examiners (the "Organization") (collectively, the "Defendants"), for defamation *per se* and other related claims and, in support thereof states:

### INTRODUCTION

1. **Behavior analysis** is the science of behavior, with a history extending back to the early 20th century. Its guiding philosophy is behaviorism, which is based on the premise that attempts to improve the human condition through behavior change (*e.g.,* education, behavioral health treatment, *etc.*) will be most effective if behavior itself is the primary focus.

2.      Behavior analysts work with a variety of populations and in a variety of settings, although the majority of them currently provide services to individuals with intellectual disabilities and autism spectrum disorder to help maximize independence by teaching adaptive behavior and minimizing or reducing problem behavior (*e.g.*, aggression, self injury).

3.      The BACB is a national nonprofit 501(c)(3) corporation established in 1998 to meet the professional credentialing needs of behavior analysts, governments, insurers, and consumers of behavior analysis services. The BACB is a credentialing organization that relies on its credibility with consumers and licensing authorities to attract professionals to attain its certifications.

4.      The BACB's certifications are broad and cover the wide range of practices and specialties applicable to the profession of applied behavior analysis.

5.      The BACB maintains a position as an industry leader in the behavior analyst sector, as it has over 175,000 current certificants. Currently 34 states have enacted licensure laws and affiliated regulations. Virtually all of those licensure laws and their implementing regulations defer to the BACB certification or standards to varying degrees.  Texas is one such state.

6.      While the BACB has some jurisdiction over behavior analysts certified by the BACB, the BACB does not have any jurisdiction over the organizations, businesses or agencies where such behavior analysts are employed, or over the acts of other professionals who are not certified by the BACB.

7.      Moates was previously certified by the BACB as a Registered Behavior Technician ("RBT").

## PARTIES

8. The BACB is a Florida nonprofit corporation with its principal place of business at 7950 Shaffer Parkway, Littleton, CO 80127.

9. Michael Moates is domiciled in Texas and resides at 2700 Colorado Blvd., Apt. 1526, Denton, TX 76210.

10. The Global Institute of Behavioral Practitioners and Examiners is a Texas nonprofit corporation with its principal place of business at 2700 Colorado Blvd., Apt. 1526, Denton, TX 76210.

11. Misty Kieschnick, a director of the Organization, is domiciled in Texas and resides at 9448 Castlewood Dr., Fort Worth, TX 76131.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds Seventy-Five and no/100 Thousand Dollars ($75,000) exclusive of costs, interest, and attorneys' fees.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Michael Moates resides in this District and all of the Defendants are residents of or are domiciled in Texas.

## FACTS COMMON TO ALL COUNTS

14. Moates is licensed by the Virginia Department of Health Professions as a Behavior Analyst.

15. Moates does not hold a certification from the BACB as a "Board Certified Behavior Analyst." Nevertheless, as discussed above, Moates applied for and received certification as an RBT from the BACB, on November 28, 2020. His RBT certification expired on November 28,

2021.

16. In December of 2021, Moates formed an organization named The Foundation for Transformation, naming Moates' Mother and Larry Kieschnick, Moates' stepfather, as Directors thereof, along with Moates.

17. In March of 2022, Moates amended The Foundation for Transformation's name to The Global Institute of Behavioral Practitioners and Examiners (the "Organization"), which has websites with web addresses of https://gibpe.org/ and https://gibpe.com/. The https://gibpe.org/ website has recently been taken offline. The Organization appears to be attempting to market some of its activities as a competitor of the BACB.

18. On May 19, 2022, the BACB filed suit against Moates, Moates' Mother, and Larry Kieschnick in Colorado, where the BACB's principal place of business is located. The suit was dismissed without prejudice.

19. Upon information and belief, Moates, Moates' Mother, and Larry Kieschnick continued to be listed as the directors of the Organization until after the filing of the May 19th lawsuit. Subsequently, Moates removed Larry Kieschnick as a director of the Organization. According to Larry Kieschnick, Moates selected him as a director without him even knowing it or agreeing to serve, which further demonstrates the Organization's lack of adherence to corporate formalities. See Exhibit A.

20. Moates' Mother remains as a director of the Organization according to the amended filing. Before the https://gibpe.org/ was taken down, Moates' Mother was listed on the Organization's website as a "Board Member" of the Organization.

21. According to https://gibpe.org/, which was readily accessible by the public, and https://gibpe.com/, which is still readily accessible by the public, the Organization offers, in

exchange for fees, coursework, continuing education, and specialty certifications in behavioral sciences, as well as community resources nationwide.

22. In addition to competing with the BACB, Moates uses the Organization as a vehicle to tarnish the reputation of the BACB in order to further Moates' personal or business aspirations.

23. Specifically, Moates uses his Organization's websites, as well as other platforms, including the State of Virginia Board of Medicine public comments and https://original.newsbreak.com ("Newsbreak") to promulgate and perpetuate falsehoods about the BACB.

24. Moates, Moates' Mother, and his Organization, in a concerted and intentional effort to undermine the BACB, have published nationwide numerous demonstrably false statements that are defamatory *per se* about the BACB, including but not limited to the following:

    a. On March 16 and 17, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the BACB has engaged in illegal or criminal activities, including monopoly and anti-competitive behavior through collusion with the Association of Professional Behavior Analysts. For example, "…the BACB has engaged in illegal anti-competitive behavior and formed a monopoly by lobbying across the United States." Moates publicized a similar statement on March 28, 2022 on the https://gibpe.org website and on March 11, 2022 on Newsbreak.

    b. On March 11, 2022, Moates posted on Newsbreak that the BACB is causing "harm" to the field of behavior analysis because it focuses mainly on autism and is unwilling to collaborate with and work with other mental health fields. According to Moates, the BACB has many deficiencies and its governing

5

        Board "ONLY focuses on one specialty."

c.    On March 28, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the BACB is involved in allowing electric currents to go through the bodies of kids.

d.    On March 29, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the BACB condones shocking minor children for maladaptive behaviors.

e.    On April 7, 2022, Moates posted an entire article on Newsbreak about how the BACB allows children to be shocked.

f.    On March 28, 2022, Moates posted on the https://gibpe.org website that the BACB is allowing "human rights violations."

g.    On March 28, 2022, Moates posted on the https://gibpe.org website that the BACB "gives its seal of approval to torture."

h.    On April 4, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the BACB is unethical, "has no idea what ethics are", and "literally certify people who shock children."

i.    On March 28, 2022, Moates posted on the https://gibpe.org website that because the BACB is pulling out of the international market, "individuals who want to practice [behavior analysis] internationally will be unable to."

j.    On March 28, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the "BACB discriminates against people of color" and is trying to make the BACB certificant pool more "White American."

        k.      On March 30, 2022, Moates posted on the State of Virginia Board of Medicine public comments that the BACB sought to "block off" providers during the COVID-19 pandemic.

25.      These statements have been made by Moates personally and on behalf of the Organization.

26.      As an individual previously certified at the technician-level by the BACB, Moates knew or should have known that his statements were untrue and that they left a false impression with the readers.

27.      Moates' Mother has also perpetuated the disparagement of the BACB in her personal capacity and in furtherance of the Organization. For example, on March 16, 2022, Moates' Mother publicly commented on a petition Moates submitted to the Virginia Medical Board while he was using his Organization's corporate affiliation, and she reiterated one of Moates' disparaging comments. *See* Exhibit B.

28.      Moates has threatened to continue to broadly publish his defamatory statements nationwide.

29.      On April 8, 2022, Moates sent an email to Plaintiff's counsel stating that, if BACB did not "settle" with him, he would spread numerous falsehoods to the United States Congress, every state legislature, thousands of members of the press across the country, various organizations such as the ACLU, and various candidates across the country for Governor, Attorney General, and state and federal legislature.

30.      In this same email, Moates threatened that the BACB "settle or we go to war. Your choice." The BACB did not settle.

31.      On April 11, 2022, Moates followed through with one of the above-mentioned

threats by sending the letter attached as Exhibit C to Congress that asserts the same defamatory statements listed above.

32. In light of the actions the Defendants have taken to threaten the BACB and to spread the falsehoods described herein, the BACB has reason to believe the Defendants will continue their tortious efforts to further cause damage to the BACB.

33. Defendants have also intentionally infringed on the BACB's Federally Registered trademarks as part of their efforts to compete with the BACB.

34. The BACB owns federal trademark registrations on the Principal Register for various trademarks and certification marks, including the following (collectively, the "BACB Trademarks"):

| Mark | Registration No. Registration Date | Services/Date of First Use |
|---|---|---|
| **BACB** | 2408451 November 28, 2000 | Establishing and updating educational, certification, and recertification standards for behavior analysis practitioners; and administration of certification and recertification programs for behavior analysis practitioners (May 1998) |
| **BEHAVIOR ANALYST CERTIFICATIO N BOARD** | 4123348 April 10, 2012 | Establishing and updating educational, certification, and recertification standards for behavior analysis practitioners; and administration of certification and recertification programs for behavior analysis practitioners (May 1998) |
| **BCBA** | 2554698 April 2, 2002 | Certification mark for "Behavior analysis services" (Dec. 31, 1999) |
| **BCABA** | 2554699 April 2, 2002 | Certification mark for "Behavior analysis services" (Dec. 31, 1999) |
| **BCBA-D** | 5959275 January 14, 2020 | Certification mark for "Behavior analysis services" (Dec. 22, 2008) |
| **RBT** | 5028961 August 30, 2016 | Certification mark for "Behavior analysis services" (Aug. 30, 2016) |
| **BOARD CERTIFIED BEHAVIOR ANALYST** | 5038278 September 13, 2016 | Certification mark for "Behavior analysis services" (Dec. 31, 1999) |

| BOARD CERTIFIED ASSISTANT BEHAVIOR ANALYST | 4833946<br>October 20, 2015 | Certification mark for "Behavior analysis services" (Oct. 1, 2009) |
|---|---|---|
| REGISTERED BEHAVIOR TECHNICIAN | 6208450<br>December 1, 2020 | Certification mark for "Behavior analysis services" (Oct. 16, 2014) |

35. The BACB Trademarks are strong trademarks entitled to a broad scope of protection based on their extensive use for many years and their high degree of recognition in the behavior analysis field by behavior analysis professionals, employers, patients, and others.

36. According to the Organization's website https://GIBPE.org, the Organization has claimed to offer certifications that infringe on the BACB's Trademarks. *See* Exhibit D.

37. Specifically, the Organization's marks emphasized with red borders in Exhibit D (the "Infringing Marks") are confusingly similar to the BACB's Trademarks including BOARD CERTIFIED BEHAVIOR ANALYST, BOARD CERTIFIED ASSISTANT BEHAVIOR ANALYST, BEHAVIOR ANALYST CERTIFICATION BOARD, BCBA, BCBA-D, BCABA, and/or BACB. The Organization's use of the Infringing Marks for its certification program that intends to compete with the BACB therefore infringes on the BACB's rights in these BACB Trademarks.

38. Defendants' infringement of the BACB Trademarks is willful given Moates' long familiarity with the BACB and its federally registered BACB Trademarks (including as a former RBT), the strong recognition of the BACB Trademarks in the behavior analysis field, and most notably, the Defendants' total disregard of the cease and desist letter sent by the BACB's trademark litigation counsel on April 8, 2022 to Moates. In fact, in response to the cease and desist letter, Moates declared: "My organization is going to keep its certifications as is."

**FIRST CAUSE OF ACTION**
*Defamation Per Se*
*(As to the Statements Determined by the Court*
*to Pertain to a Matter of Public Interest or General Concern)*

39. The BACB repeats and realleges the allegations set forth in the above paragraphs.

40. The Defendants published accusations and allegations that are false.

41. The accusations and allegations published by the Defendants included false statements that harmed BACB's professional reputation and asserted that the BACB has engaged in criminal activity.

42. The substance or gist of the statements were false at the time they were published and the false statements were such that the publication as a whole was false.

43. At the time of publication to third parties, the Defendants knew that the statements were false or made the statements with reckless disregard as to whether they were false.

**SECOND CAUSE OF ACTION**
*Defamation Per Quod*
*(As to the Statements Determined by the Court*
*to Pertain to a Matter of Public Interest or General Concern)*

44. The BACB repeats and realleges the allegations set forth in the above paragraphs.

45. The Defendants published accusations and allegations that are false.

46. Readers of the statements published by the Defendants understood the statements to be defamatory.

47. The substance or gist of the statements were false at the time they were published and the false statements were such that the publication as a whole was false.

48. At the time of publication to third parties, the Defendants knew that the statements were false or made the statements with reckless disregard as to whether they were false.

49. Publication of these remarks has resulted in damage to Plaintiff's reputation in the

community and economic loss, including, but not limited to, the following:

    a. Damages to the BACB's reputation;

    b. Damages for inconvenience;

    c. Loss of earnings or income and ability to earn money in the future;

    d. Other damages that may arise during the course of discovery and the course of this trial.

### THIRD CAUSE OF ACTION
### *Libel Per Se*
*(Pled in the Alternative as to Statements the Court Finds Do Not Pertain to a Matter of Public Interest or General Concern)*

50. The BACB repeats and realleges the allegations set forth in the above paragraphs.

51. The Defendants published accusations and allegations that are false.

### FOURTH CAUSE OF ACTION
### *Defamation Per Quod*
*(Pled in the Alternative as to Statements the Court Finds Do Not Pertain to a Matter of Public Interest or General Concern)*

52. The BACB repeats and realleges the allegations set forth in the above paragraphs.

53. The Defendants published accusations and allegations that are defamatory.

54. The accusations and allegations were about the BACB.

55. The publication of the accusations and allegations caused special damages to the BACB including:

    a. Damages to the BACB's reputation;

    b. Damages for inconvenience;

    c. Loss of earnings or income and ability to earn money in the future;

    d. Other damages that may arise during the course of discovery and the course of this trial.

## FIFTH CAUSE OF ACTION
*Piercing the Corporate Veil*

56. The BACB repeats and realleges the allegations set forth in the above paragraphs.

57. Moates was the incorporator of Organization.

58. Upon information and belief, the only directors of Organization initially were Moates, Moates' Mother, and Larry Kieschnick such that they so organized and controlled Organization's affairs that the Organization was a mere instrumentality of their personal affairs.

59. Upon information and belief, Moates and Moates' Mother have not observed corporate formalities.

60. Upon information and belief, Moates and Moates' Mother treated the Organization as their personal corporation, as evidenced by the fact that Moates used his personal housing address in its incorporation documents.

61. Upon information and belief, Moates, Moates' Mother, and Organization were so closely connected that the Organization was the mere "alter ego" of Moates and Moates' Mother and vice versa.

62. Upon information and belief, Moates and Moates' Mother used the Organization to defame the BACB.

63. Upon information and belief, Moates' and Moates' Mother's manipulation and misuse of the Organization's corporate form was a conscious attempt to avoid liability and proximately caused the BACB monetary harm.

64. Disregarding the Organization's corporate form would achieve an equitable result such that Moates and Moates' Mother should be held personally liable for all the damages alleged in this Complaint.

## SIXTH CAUSE OF ACTION
*Trademark Infringement*

65. The BACB repeats and realleges the allegations set forth in the above paragraphs.

66. The BACB Trademarks are valid and legally protectable marks.

67. The BACB owns the BACB Trademarks.

68. The Defendants' have used similar marks in commerce without the consent of the BACB.

69. The Defendants' of the BACB Trademarks will likely cause confusion among consumers.

70. The Defendants' use of the BACB Trademarks was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Behavior Analyst Certification Board, Inc., respectfully requests that:

A. The Court grant judgment against Moates, Moates' Mother, and the Organization, jointly and severally.

B. The Court grant injunctive relief against Moates, Moates' Mother, and the Organization.

C. The Court award punitive and exemplary damages.

D. The Court award the BACB an amount that includes the BACB's compensatory damages, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 10th day of March, 2023.

Respectfully Submitted,

/s/ Brandon S. Kulwicki
Brandon S. Kulwicki, Attorney No. 24043768
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
603 Munger Avenue, Suite 350
Dallas, TX  75202
P: (214) 615-2025
F: (214) 615-2001
E-mail:  bkulwicki@hallrender.com
*Attorney for Plaintiff*