# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Plaintiffs<br><br>v.<br><br>Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners<br><br>Defendants | Case No.: 4:23-cv-00194-ALM<br><br>**JURY TRIAL DEMANDED**<br><br><br>MAR 23 2023<br>Clerk, U.S. District Court<br>Eastern District of Texas |

# **EMERGENCY**

# MOTION TO FOR EXTENSION TO FILE

# RESPONSE TO PLAINTIFFS' PETITION

COMES NOW, Defendant Misty Kieschnick, respectfully requests this Honorable Court to grant an extension of time to respond to Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 6(b) and to preserve all responses.

Defendant's time to respond to Plaintiff's Complaint is set to expire on 28 March 2023. However, Defendant respectfully requests a 60-day extension of time to respond to Plaintiff's Complaint until 28 May 2023. This extension of time is necessary due to an urgent family matter.

My stepfather, affectionately known as Pops, has recently been placed on end-of-life hospice care and is expected to pass away in the next week but not longer than 30 days, according to his physicians.

The emotional toll of this situation has made it difficult for me to focus on responding to the Complaint. I would greatly appreciate any leniency the Court can offer in this matter. In addition to being out of state in North Carolina for end-of-life care, my mother who has no other family in North Carolina will need support after his death including but not limited to helping with funeral arrangements, insurance claims, death certificate, and other documentation, estate sales, and moving down to Texas because she is unable to be alone due to her own health concerns. I anticipate the following schedule: 1-4 weeks until his death as we are currently in hospice saying goodbye and spending our last moments with him, 2 weeks for funeral arrangements/insurance claims, and 2-4 weeks for arrangements made to transport her to Texas and wrap up estate issues. I believe that this is a generous time frame, and may need to ask the court for additional extensions, but I want to keep this court informed.

Defendant also respectfully requests that the Court preserve all responses during the time extension, including any objections, motions to dismiss, or any other responses that would have been due during that time period.

The defendant understands the importance of timely responding to the Complaint, but respectfully submits that good cause exists for an extension of time. Defendant's request for an extension of time will not prejudice Plaintiff, as it will not affect any other deadlines other than the response, and it will allow Defendant to properly respond to Plaintiff's Complaint.

Further, the events of the Plaintiff have prejudiced the Defendants from having a fair and timely trial on the merits. For the last year, the Plaintiff has harassed Defendants filing a lawsuit in a different court they know very well did not have jurisdiction. From May through December of 2022, Defendants were forced to defend a Motion to Dismiss based on lack of jurisdiction in a federal court in Colorado. After the Motion to Dismiss, they waited 3 months to file this claim. Clearly, there is no rush for the other party and thus it should be accepted to allow me to help my mom and her husband through this incredibly difficult time.

Finally, the Behavior Analyst Certification Board dropped me from the suit but has now added me back as punishment for having to file suit in the State of Texas[1]. The Behavior Analyst Certification Board admits in a court filing "...**her actions toward BACB were minimal**, BACB will file a motion to dismiss without prejudice the claim against Ms. Keischnik (sic)...[2]" The

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.cod.215372/gov.uscourts.cod.215372.33.0.pdf
[2] https://storage.courtlistener.com/recap/gov.uscourts.cod.215372/gov.uscourts.cod.215372.32.0.pdf

BACB knows full and well that it does not have a claim against me, and this is a purely harassment action brought in bad faith and frivolously. They continue to try to make this about mother-son by referring to me as "Moates' mother" in the petition in an attempt to be prejudicial in violation of the Due Process Clause.

It is also expected that other Defendants will be in North Carolina for a good portion of the time and will not be served as required by the FRCP.

Under federal law, a court may grant an extension of time to respond to a lawsuit for "good cause" shown, as provided by Federal Rule of Civil Procedure 6(b)(1). The determination of whether "good cause" exists is within the discretion of the court.

These cases demonstrate that federal courts have recognized the need for extensions of time due to serious family illnesses such as hospice care.

WHEREFORE, Defendant Misty Kieschnick respectfully requests this Honorable Court grant Defendant a 60-day extension of time to respond to Plaintiff's Complaint and to preserve all responses during that time.

Respectfully submitted,

/s/ **Misty Kieschnick,** Pro Se

9448 Castlewood Drive, Fort Worth, Texas 76131

817-657-7224 m.kieschnick@att.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 20, 2023, a true and correct copy of the foregoing was served via US Postal Service upon the following as required by the summons:

Brandon Kulwicki

Hall Render Killian Heath & Lyman, PC

603 Munger Avenue, Suite 350

Dallas, TX 75202