# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

**FILED**
MAY 26 2023
Clerk, U.S. District Court
Eastern District of Texas

| | |
|---|---|
| Behavior Analyst Certification Board <br><br> Plaintiffs <br><br> v. <br><br> Dr. Michael Moates <br><br> Misty Kieschnick, and <br><br> Global Institute for Behavior Practitioners and Examiners <br><br> Defendants | Case No.: 4:23-cv-00194-ALM <br><br><br> **JURY TRIAL DEMANDED** |

# MOTION TO DISMISS

I, Misty Kieschnick, the defendant in the above-captioned case, hereby submit this Motion to Dismiss in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. I respectfully request that this Honorable Court consider dismissing the case I respectfully request that this Honorable Court dismiss the case with prejudice based on the following grounds, considering the Order issued by the United States District Court for the District of Colorado, Civil Action No. 22-cv-01247-NRN.

This is the fourth petition filed by Plaintiff:

1. The first complaint was filed in Colorado State Court with case number: 2022CV30428
2. This was filed in April of 2022.
3. The second complaint was in federal court in US District Court for the State of Colorado with case number: 1:22-cv-01247
4. A third amended complaint was filed in the district court on June 16, 2022.
5. Now, a fourth complaint has been filed in the United States District Court for the Eastern District of Texas.
6. Now we are in May of 2023, and still, the Plaintiffs file in the incorrect district court. An entire year of dealing with jurisdictional and venue issues because the Plaintiff can't file in the correct court. They know where the parties reside.

**MOTION TO DISMISS**

Defendant Misty Kieschnick hereby moves to dismiss this case based on the grounds of improper venue and lack of jurisdiction over the parties involved. One crucial factor that warrants careful consideration in this case is the potential burden imposed on the defendant by the plaintiff's chosen court. It is well-established that a court may dismiss a case and entertain a forum non conveniens claim when it is determined that the chosen court would be unduly burdensome to the defendant. Upon closer examination, it becomes evident that the current venue poses significant hardships on the defendant, making it appropriate to explore alternative venues that would alleviate these burdens. The following legally substantiated arguments support this motion:

**Lack of Residence:** It is well-established in the legal framework that proper venue requires at least one party to be a resident within the district where the lawsuit is filed. In this case, none of the parties involved, including Misty Kieschnick, Dr. Michael Moates, and The Global Institute for Behavior Practitioners and Examiners, reside within the Eastern District of Texas. This lack of residency renders the current venue legally improper. (See 28 U.S.C. § 1391(b)) Moreover, the burden of defending the case in a foreign jurisdiction extends beyond the financial implications. The defendant's ability to effectively present her case may be hampered by unfamiliarity with local rules, procedures, and the legal landscape specific to the plaintiff's chosen court. This lack of familiarity could lead to disadvantages and potentially undermine the defendant's ability to mount a robust defense.

**Enforceability:** Pursuant to the United States Code, a judgment rendered without proper jurisdiction is void and unenforceable. Upholding the principle of jurisdictional integrity is crucial to maintaining the integrity of the judicial system and ensuring that judgments are respected and honored. In light of the lack of jurisdiction and the resulting unenforceability of any judgment rendered in this case, I respectfully request the court to exercise its discretion and dismiss the case. Dismissal is not only appropriate but necessary to preserve the integrity of the judicial process and prevent the issuance of a void and unenforceable judgment. (See 28 U.S.C. § 1391(b))

**Absence of Operations:** It is essential to consider the parties' business activities and contacts with the district when determining the venue. None of the parties, including the plaintiff(s), conduct business operations within the Eastern District of Texas. This absence of relevant business activities further highlights the impropriety of the current venue. (See 28 U.S.C. § 1391(c))

**Ease of Access to Evidence:** In this case, the Plaintiffs have already initiated legal proceedings in multiple courts. Allowing them to refile and bring this case before yet another district court would necessitate additional travel, time, and expenses for all parties involved. It poses a practical challenge and imposes an undue burden on the litigants, including witnesses, legal representatives, and others who may be required to participate in the proceedings.

**Ease of Access to Witnesses:** Kindly consider the logistical difficulties of transporting individuals and evidence from one district to another. It requires coordination, scheduling, and

incurring costs for travel, accommodation, and other related expenses. Such logistical complexities can lead to delays, increased expenses, and inefficiencies in the litigation process.

I would like to bring to your attention an additional factor that exacerbates the burden faced by the defendants in this case – the need to secure new legal representation in Texas due to the change in court venue. As a result of the previous dismissal for lack of jurisdiction in the Colorado case and the subsequent filing of the complaint in Texas, the defendants are now compelled to find new legal counsel within the state of Texas. This further adds to the already substantial time and costs associated with the litigation process.

Based on the lack of residency and absence of business operations within the Eastern District of Texas, Sherman Division, it is evident that the current venue is legally inappropriate. Therefore, I respectfully request the court to dismiss this case due to improper venue and lack of jurisdiction over the parties involved following the established legal principles and precedents.

Your Honor, with the utmost conviction, we respectfully request this Honorable Court, presided by the esteemed Judge Amos Mazzant, to grant this Motion to Dismiss with prejudice. The Plaintiffs have already been afforded multiple opportunities to present their case, having filed four prior petitions. Giving them a fifth chance would not only be an exercise in judicial leniency but a disregard for the principles of fairness and efficient judicial proceedings.

It is imperative to highlight the significant history of this case and the potential consequences of allowing the Plaintiffs to refile yet again. This is not any different from the first, second, or even

4

third court to have this case filed before it. We find ourselves in a repetitive pattern where the Plaintiffs have sought the opportunity to litigate their claims across multiple jurisdictions and can't even file in the correct court, continuing to waste the resources of various courts and Defendants.

Granting them the chance to refile and bring this case before a fourth court would not only perpetuate the seemingly endless cycle of litigation but also burden the judicial system and the parties involved with redundant proceedings. It raises serious concerns about the judicial economy, efficiency, and the preservation of resources.

Courts should prioritize the principles of finality and the orderly administration of justice. Allowing the Plaintiffs to refile and bring this case before yet another court would only undermine these foundational principles. It is crucial to consider the broader impact of such a decision on the integrity and credibility of our judicial system.

The concept of forum shopping also comes to the forefront in this context. Forum shopping refers to strategically selecting different jurisdictions to file a case to obtain a favorable outcome and allowing the Plaintiffs to proceed with another filing before a fourth court would reward and encourage forum shopping, contrary to the interests of justice and fairness.

In the interest of preserving the integrity of our legal system, promoting finality, and preventing further abuse of the court's resources, we respectfully urge this Honorable Court to exercise its

5

discretion and dismiss this case with prejudice. Doing so can end this repetitive litigation and avoid burdening another court.

Therefore, I respectfully request that this Honorable Court, presided by Judge Amos Mazzant, grant this Motion to Dismiss with prejudice, given that refiling would be the 5th petition by Plaintiffs.

Thank you for your attention to this matter. Should the Court require additional information or supporting documentation, I am prepared to provide it promptly.

Respectfully submitted,

/s/ Misty Kieschnick, Pro Se

9448 Castlewood Drive, Fort Worth, Texas 76131

817-657-7224 m.kieschnick@att.net