IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BEHAVIOR ANALYST CERTIFICATION BOARD, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:23-cv-00194-ALM ) |
| MICHAEL MOATES, an individual; MISTY KIESCHNICK, an individual; and THE GLOBAL INSTITUTE OF BEHAVIORAL PRACTITIONERS AND EXAMINERS, | ) ) ) ) ) ) |
| Defendants. | ) |

**RESPONSE TO MOTION TO DISMISS**

Plaintiff, Behavior Analyst Certification Board, Inc. (the "BACB"), by and through its attorneys, respectfully submits its Response to Motion to Dismiss and, as grounds therefor, states the following:

**BACKGROUND**

At the time Plaintiff filed this lawsuit, the last known address Plaintiff had for Defendants Michael Moates (hereinafter "Moates") and the Global Institute for Behavior Practitioners and Examiners[1] (hereinafter "GIBPE"), including all of its directors and officers, was 2700 Colorado Blvd., Apt. 1526, Denton, TX 76210, which is located in the Eastern District of Texas. As a result, Plaintiff asserted in its Complaint that "[v]enue is proper in [the Eastern District of Texas] pursuant to 28 U.S.C. § 1391(b) because Defendant Michael Moates resides in this District and all of the Defendants are residents of or are domiciled in Texas." Plaintiff attempted service of process on

---

[1] See Exhibit A – GIBPE's entity information registered with the Texas Secretary of State.

Defendants Moates and GIBPE multiple times at the Denton address. See <u>Exhibit B</u>. After three failed service attempts, Plaintiff learned that Defendant Moates had moved to 4501 Nautilus Circle, Apt. 710, Fort Worth, TX 76106. After persistent resistance to service, Mr. Moates was eventually served at this address.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1406, a district court may transfer action brought in wrong division or district if it is in interest of justice to do so. General practice is to transfer, rather than dismiss, a case to a forum where venue is proper. *See, e.g.*, *United States v. Miller-Stauch Const. Co.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995) ("Transfer [of venue] should be the usual course rather than dismissal."); *Phillip Gall & Son v. Garcia Corp.*, 340 F. Supp. 1255, 1257 (E.D. Ky. 1972) ("Normally, if venue does not lay in the district court where an action is initiated, the court should… transfer it to the proper district or division.").

In this case, it is in the interest of justice to transfer venue to a forum where venue is proper, rather than to dismiss. Plaintiff, as demonstrated by its numerous good faith attempts to serve Defendant Moates at the Denton address, honestly believed venue was appropriate in this District and had no reason to believe otherwise. Plaintiff is not opposed to the Court transferring this case to the Northern District of Texas, where both Defendant Kieschnick and Defendant Moates reside.

For these reasons, Plaintiff respectfully requests that Defendant Kieschnick's Motion to Dismiss be denied.

Respectfully submitted this 9th day of June, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*
Lindsay K. McManus, *pro hac vice*
999 17th Street, Suite 800, Denver, CO 80202
303-801-3538 / marksabey@hallrender.com
303-802-1293 / lmcmanus@hallrender.com

and
Brandon S. Kulwicki
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
603 Munger Avenue, Suite 350, Dallas, TX 75202
P: 214-615-2025 / F: 214-615-2001
bkulwicki@hallrender.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 9, 2023, a true and correct copy of the foregoing was served upon the following:

Misty Kieschnick
9448 Castlewood Dr.
Fort Worth, TX 76131
m.kieschnick@att.net
Defendant – *pro se*

Michael Moates
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

*s/ Crystal J. Sebastiani*
Crystal J. Sebastiani, Paralegal

4893-4389-4121v2