# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Behavior Analyst Certification Board<br><br>Plaintiffs<br><br>v.<br><br>Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners<br><br>Defendants | Case No.: 4:23-cv-00194-ALM<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>JUN 2 0 2023<br><br>Clerk, U.S. District Court<br>Eastern District of Texas |

# RESPONSE TO THE DEFENDANTS REPLY RESPONSE TO MOTION TO STAY DEADLINES

Defendant Misty Kieschnick respectfully submits its Reply to the RESPONSE TO MOTION TO STAY DEADLINES and, as grounds therefor, states the following:

1. It is the position of Defendant Kieschnick that the motion to dismiss submitted by the defendant, Kieschnick, should be ruled on first before addressing Plaintiff's reply to the motion to stay. This argument finds support in the procedural rules and case law governing the order of motions and the efficient resolution of legal disputes.
2. Rule 12 of the Federal Rules of Civil Procedure allows a party to file a motion to dismiss for various reasons, including lack of subject matter jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, and more. When a motion to dismiss is filed, it seeks a determination from the court as to whether the plaintiff's claims are legally sufficient to proceed with the case.
3. In certain circumstances, courts have recognized that resolving dispositive motions, such as motions to dismiss, should take precedence over other pending motions. This approach serves the interest of the judicial economy and promotes the early resolution of cases where a motion to dismiss has the potential to dispose of the entire litigation. The rationale behind this approach is to avoid unnecessary litigation and conserve judicial resources.
4. The Supreme Court, in Bell Atlantic Corp. v. Twombly, emphasized the importance of evaluating the plausibility of a complaint's allegations at the pleading stage [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)]. This requirement ensures that the plaintiff's claims meet a certain threshold of legal sufficiency and have a reasonable chance of success. Resolving the motion to dismiss before addressing other matters such as a motion to stay, allows for an early determination of whether the plaintiff has alleged sufficient facts to support a viable claim.
5. Lower courts have also acknowledged the priority given to motions to dismiss. In Doe v. Harvard Pilgrim Health Care, Inc., the court ruled that the threshold question of whether the complaint states a claim upon which relief can be granted should be resolved before considering other motions, such as a motion to stay Doe v. Harvard Pilgrim Health Care, Inc., 192 F. Supp. 3d 234 (D. Mass. 2016). This approach ensures that the court focuses

   on the dispositive issues that can potentially dispose of the case before addressing other procedural matters.

6. Therefore, based on the Supreme Court's guidance and the approach taken by lower courts, the motion to dismiss should be ruled on before addressing the plaintiff's reply to the motion to stay. This approach promotes judicial efficiency and allows for an early determination of the viability of the plaintiff's claims.

7. In addition, given the fact that Plaintiff alleges not only a civil cause of action but one that could be charged under criminal law per Section 43.02 of the Texas Penal Code, all Defendants have the right to refuse to talk to them under the Fifth Amendment of the United States Constitution. At this time, Defendant Kieschnick elects not to communicate with them and asks that this court exempt her from the rule as it would violate her Constitutional Right to Due Process and right not to speak under the concepts outlined in Miranda v Arizona (1996).

Thank you for your consideration,

**/s/ Misty Kieschnick, Pro Se**
9448 Castlewood Drive
Fort Worth, Texas 76131
817-657-7224
m.kieschnick@att.net