# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Behavior Analyst Certification Board<br><br>Plaintiffs<br><br>v.<br><br>Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners<br><br>Defendants | Case No.: 4:23-cv-00194-ALM<br><br>**JURY TRIAL DEMANDED**<br> <br>JUN 2 0 2023<br><br>Clerk, U.S. District Court<br>Eastern District of Texas |

# RESPONSE TO THE DEFENDANTS REPLY

# TO NOTICE OF IMPROPER SERVICE

Plaintiff Misty Kieschnick hereby respectfully submits its Reply to the Response to Notice of Improper Service and, as grounds therefor, states the following:

1. Misty Kieschnick is not a director of the Global Institute for Behavior Practitioners and Examiners and cannot accept service on behalf of the organization.
2. Ms. Kieschnick resigned from the Global Institute of Behavior Practitioners and Examiners on 15 April 2022, effective that same day.
3. Ms. Kieschnick is not responsible for updating paperwork with the Secretary of State. The business has the sole responsibility for doing so.
4. Section 21.4091 of the BOC addresses the resignation of directors and provides guidelines for the resignation process. It states that a director may resign from office by delivering a written resignation to the board of directors, the chair of the board, or the company's secretary. It states, "The director's resignation is irrevocable when it takes effect."
5. The company is then responsible for updating its records and taking any necessary actions to reflect the change in board membership.
6. Ms. Kieschnick cannot speculate why the paperwork was not updated, but it was irrevocable when she resigned per the law by providing written notice.
7. Thus, the service of Misty Kieschnick for the Global Institute of Behavior Practitioners and Examiners was not proper under the FRCP and the TRCP because she is not a director of the organization. Even if the paperwork is out of date, the rule requires the person to be the "president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved"

8. At the time of service, Ms. Kieschnick was in none of the allowed positions.

9. When the company was dissolved, Ms. Kieschnick was in none of the allowed positions.

10. This is very important because it is currently understood that Dr. Michael Moates, the other Defendant, and the Global Institute for Behavior Practitioners intend to dispute service of process. Ms. Kieschnick does not have all of the details regarding the situation, but it is believed that the affidavits filed with the court are suspected of containing perjury. The State of Texas is investigating the process server for inappropriate behavior, including but not limited to potential assault, damage of property, theft, intimidation, and various other violations of the standards required of process servers in the State of Texas.

11. Based on what Defendant Kieschnick has read from the return of service, the process server admits the following:
    a. "I saw a package at the door and took a peak and it's from Chewys…"
    b. "I then noticed he had a ring camera and a peep hole. I covered them up and waited by the steps."
    c. On 5 May 2023, the server admits he was on the property for 5 hours.
    d. On 22 May 2023, the server admits he was on the property from 6:56 am to 11 am for five hours.
    e. The server admits to intentionally deceiving.
    f. The server admits to throwing a document. This document had a metal clip on it.

12. In reality, none of this was necessary. In Plaintiffs' response to notice of improper service, they admit in the first footnote, "For instance, Fed. R. Civ. P. 4(e)(1) permits service to be made according to the state law of the jurisdiction where service is made."

    a. Under Tex. R. Civ. P. 106, "(a) Unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or **(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.**" (emphasis added). There was no need for abuse, stalking, etc. Further, if they were going to send a process server out, it was my understanding that he had not identified himself.

    b. Also, under Fed. R. Civ. P. 4 if they plan to use state law, they must complete service "according to the state law of the jurisdiction where service is made." Since the document was thrown and ended up in a puddle unreadable, the petition was not served, nor was it "showing the delivery date" as required by law.

    c. Finally, they could have left it with the apartment office, which accepts packages. "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" Fed. R. Civ. P. Rule 4(e)(2)(b).

13. Additionally, if the summons in the docket is the summons that was served, it does not follow the FRCP. Rule 4(b) states, "A summons must: be directed to the defendant…" But the summons is not directed to Defendant Dr. Michael Moates or the Global Institute because it is directed to an incorrect address and where neither party is located. Thus, the summons in the docket is not directed to the Defendants (Moates, GIBPE) and violates the law.

14. It is believed that until other Defendants are adequately served, Plaintiff has not followed the FRCP nor the TRCP, and the other Defendants do not consider themselves served or

intend to respond until they get a petition detailing the allegations against them. Thus, Ms. Kieschnick cannot accept service on behalf of the institute.

Thank you for your consideration,

**/s/ Misty Kieschnick, Pro Se**

9448 Castlewood Drive

Fort Worth, Texas 76131

817-657-7224

m.kieschnick@att.net

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 9, 2023, a true and correct copy of the foregoing was served upon the following:

Brandon Kulwicki

Hall Render Killian Heath & Lyman, PC

603 Munger Avenue, Suite 350

Dallas, TX 75202