# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Behavior Analyst Certification Board<br><br>Plaintiffs<br><br>v.<br><br>Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners<br><br>Defendants | Case No.: 4:23-cv-00194-ALM<br><br>**JURY TRIAL DEMANDED**<br><br><br>JUN 2 0 2023<br>Clerk, U.S. District Court<br>Eastern District of Texas |

# RESPONSE TO THE DEFENDANTS REPLY TO PLAINTIFF MISTY KIESCHNICK'S MOTION TO DISMISS

Defendant Misty Kieschnick respectfully submits its Reply to the Response to Motion to Dismiss and, as grounds therefor, states the following:

1. Since the onset of the various lawsuits filed by Plaintiff, the Plaintiffs have engaged in form shopping despite knowing that every time they filed in a different court, the court would not have jurisdiction over the Defendants. "Forum shopping is the practice of selecting the court or jurisdiction with the most favorable laws and procedures in order to gain a tactical advantage." Lea Brilmayer & Stewart Jay, Forum Shopping in International Adjudication, 24 Yale J. Int'l L. 1 (1999)

2. The first case was in the District Court for Jefferson County in Colorado with case number 22CV30428.

3. Then the case was removed to federal court in the United States District Court for the District of Colorado with case number 1:22-cv-01247. Defendants tried to establish jurisdiction by the federal court in Colorado at the time of removal but were ultimately unsuccessful[1]. The Defendants had to hire an attorney.

4. Plaintiff again filed this case in the United States District Court for the Eastern District of Texas here with case number 4:23-cv-00194. The Defendants have had to travel over 1.5 hours to and from the courthouse to deliver documents.

5. Now for the third time, Plaintiff wants to send this to a **fourth** court to be heard. This is being done in bad faith and is prejudicial to the Defendants right to Due Process.

6. It is evident that the Plaintiffs have engaged in forum shopping throughout the course of this litigation. They have repeatedly filed the same claims in different courts, seeking a

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.cod.215372/gov.uscourts.cod.215372.35.0.pdf

1

favorable jurisdiction to their advantage. This behavior demonstrates a lack of commitment to pursuing justice and an attempt to manipulate the legal system.

7. The Plaintiffs have filed this case in multiple jurisdictions, including the District Court for Jefferson County in Colorado and the United States District Court for the Eastern District of Texas. They also tried establishing jurisdiction in the United States District Court for the District of Colorado. Despite their attempts, jurisdiction over the Defendants could not be established in these courts. Continuously filing in different venues where jurisdiction does not exist shows a disregard for the legal requirements and proper venue selection.

8. The Plaintiffs' repeated attempts to transfer the venue demonstrate bad faith on their part. By intentionally subjecting the Defendants to multiple jurisdictions, they are causing unnecessary delays, additional expenses, and potential prejudice to the Defendants. This pattern of forum shopping and venue manipulation undermines the fairness and integrity of the judicial process.

9. Courts strive to promote judicial efficiency and refrain from duplicative proceedings. It can be shown that transferring the venue once again will result in redundant litigation or unnecessary delay. In that case, dismissal is the more efficient and fair resolution.

10. The right to due process is a fundamental principle of law. If the repeated transfers of venue infringe upon the defendant's right to a fair and impartial proceeding, it may be argued that dismissal is necessary to protect their constitutional rights. U.S. Constitution, Fifth Amendment: "No person shall... be deprived of life, liberty, or property…"

11. This court holds the power to dismiss with prejudice.

    a. ...the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants how this can best be done calls for the exercise of judgment... Landis v. North American Co., 299 U.S. 248 (1936)

    b. The forum non conveniens determination is committed to the trial court's sound discretion, and may be reversed only when there has been a clear abuse of discretion. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)

    c. The convenience of the parties and the interests of justice are the primary factors to be considered in determining forum non conveniens. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981)

    d. The authority to manage its own affairs, including the disposition of the causes on its docket, is inherent in every court. Link v. Wabash R.R. Co., 370 U.S. 626 (1962)

    e. The power to dismiss a case rests within the sound discretion of the trial court. McCabe v. Shultz, 528 F.2d 1 (2d Cir. 1975)

    f. The abuse of forum selection undermines the public confidence in the judicial process and can lead to unnecessary duplication of proceedings. Van Dusen v. Barrack, 376 U.S. 612 (1964)

    g. The court has the authority to dismiss a case in the interest of judicial economy and the efficient use of judicial resources. Fed. R. Civ. P. 41(b)

12. Based on these factors, the dismissal of the case is warranted. The release would discourage further forum shopping and uphold the principles of fairness, due process, and judicial efficiency. The Defendants have already faced undue hardship and deserve to

have this case resolved just and appropriately without being subjected to further venue transfers.

Thank you for your consideration,

**/s/ Misty Kieschnick, Pro Se**

9448 Castlewood Drive

Fort Worth, Texas 76131

817-657-7224

m.kieschnick@att.net

4