IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BEHAVIOR ANALYST CERTIFICATION BOARD, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:23-cv-00194-ALM |
| MICHAEL MOATES, an individual; MISTY KIESCHNICK, an individual; and THE GLOBAL INSTITUTE OF BEHAVIORAL PRACTITIONERS AND EXAMINERS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REQUEST FOR CLERK'S ENTRY OF DEFAULT

Plaintiff, the Behavior Analyst Certification Board, Inc. ("the BACB"), by and through its attorneys, moves the clerk to enter default against Defendant Michael Moates ("Moates") and Defendant The Global Institute of Behavioral Practitioners and Examiners ("GIBPE") pursuant to F.R.C.P. 55(a) and, as such, states the following:

1. On March 10, 2023, the BACB filed this action. This is an action in which a judgment for affirmative relief in the form of monetary damages and injunctive relief has been sought against Moates, Defendant Misty Kieschnick ("Kieschnick"), and the GIBPE.

2. On May 26, 2023, Kieschnick filed a responsive pleading to the BACB's Complaint after obtaining an extension of time from the Court. (Dkt. 22). Kieschnick is therefore not subject to this Motion.

3. Moates was personally served with the Summons and Complaint on May 22, 2023. An Affidavit of Service was filed May 26, 2023 (Dkt. 20).

4. The GIBPE was served with the Summons and Complaint on May 22, 2023, by personally serving Moates, a Director of the GIBPE. An Affidavit of Service was filed on May 26, 2023 (Dkt. 19).

5. The GIBPE was also served with the Summons and Complaint on May 19, 2023, by personally serving Kieschnick, who was also a Director of the GIBPE. An Affidavit of Service was filed on May 30, 2023 (Dkt. 25). Kieschnick has challenged that serving the GIBPE through her was improper. (Dkt. 23), though service on Moates renders this issue moot as described in paragraph 4 above and in the BACB's Response to Notice of Improper Service (Dkt. 26).

6. On May 22, 2023, Moates sent emails to counsel for the BACB stating that he did not believe that he was properly served, but that he could be served "by first-class mail or other reliable means." See Exhibit A. Texas Rule of Civil Procedure 106 provides "(a) Unless the citation or court order otherwise directs, the citation must be served by: … (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." And, F.R.C.P. 4(e)(1) provides that individuals can be served by "following state law for serving a summons…"

7. As mentioned above, Moates was served individually and on behalf of the GIBPE on May 22, 2023. However, to satisfy Moates that he and the GIBPE had been served and to avoid any further dispute, in accordance with Texas Rule of Civil Procedure 106, the BACB delivered to Moates the Service Packets for both Moates and the GIBPE via certified mail, return receipt requested, on May 30, 2023. See Exhibit B. Moates signed for the Service Packets to complete the delivery. See id.

8. At the earliest, the GIBPE was served on May 19, 2023. At the latest, the GIBPE was served on May 30, 2023.

9. At the earliest, Moates was served on May 22, 2023. At the latest, Moates was served on May 30, 2023.

10. The undersigned has also sent Moates copies of the initial pleadings in this case via email. Moates has clearly received notice of this lawsuit by multiple means, and he and the GIBPE have been properly served in two ways.

11. As of this filing, Moates and the GIBPE have failed to plead or otherwise defend as provided under the Federal Rules of Civil Procedure. That is well beyond the deadline for response (21 days after service of the summons and complaint). F.R.C.P. 12(a)(1).

12. An Affidavit In Support of Clerk's Entry of Default accompanies this Motion.

13. F.R.C.P. 55(a) provides that the Clerk shall enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.

WHEREFORE, Plaintiff moves to have the Clerk enter default against Moates and the GIBPE.

Respectfully submitted this 2nd day of August, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*
Lindsay K. McManus, *pro hac vice*
999 17th Street, Suite 800, Denver, CO 80202
303-801-3538 / marksabey@hallrender.com
303-802-1293 / lmcmanus@hallrender.com

and
Brandon S. Kulwicki
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
603 Munger Avenue, Suite 350, Dallas, TX 75202
P: 214-615-2025 / F: 214-615-2001
bkulwicki@hallrender.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 2, 2023, a true and correct copy of the foregoing was served upon the following:

Misty Kieschnick
9448 Castlewood Dr.
Fort Worth, TX 76131
m.kieschnick@att.net
Defendant – *pro se*

Michael Moates
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

The Global Institute of Behavioral Practitioners and Examiners
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

                              *s/ Crystal J. Sebastiani*
                              Crystal J. Sebastiani, Paralegal