# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Behavior Analyst Certification Board<br><br>Plaintiffs<br><br>v.<br><br>Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners<br><br>Defendants | Case No.: 4:23-cv-00194-ALM<br><br>**JURY TRIAL DEMANDED**<br><br><br>AUG 0 3 2023<br>Clerk, U.S. District Court<br>Eastern District of Texas |

# MOTION TO DISMISS

# FOR FAILURE TO SERVE AND

# DEFENDANT DR. MICHAEL MOATES'

# REPLY TO THE MOTION

# FOR DEFAULT JUDGEMENT

I, Dr. Michael Moates, the defendant in the above-captioned case, submit this response to the Motion for Clerk's Entry of Default filed by the plaintiff, the Behavior Analyst Certification Board, Inc. ("BACB"), on 28 July 2023. I deny the allegations against me in the motion and provide the following facts and information supporting my response.

1. On May 22, 2023, a person showed up at my residence. I could not identify him as he was not wearing any uniform or identification and did not identify himself when knocking on the door.
2. Given the suspicious nature of the encounter, I exercised caution and did not open my door. The individual went through my packages, causing me to feel threatened and alarmed, as no one should tamper with my personal belongings. **See Exhibit A.**
3. Additionally, this person covered my peephole and security cameras, further intensifying my concerns for my safety. **See Exhibit B.** I immediately contacted the Fort Worth Police Department, who arrived on the scene, but the individual had already left. My neighbor informed me that this person had loitered and trespassed on the property for an extended period.
4. On May 22, 2023, the same individual returned to my home, banging on my door at 6:56 AM, which alarmed and threatened me due to his previous suspicious behavior. I did not answer the door. **See Exhibit C.**
5. As I walked my dog outside around 10:40 AM, I was hit in the head from behind with what appeared to be documents. I admit I did not see what hit me, but there was what appeared to be a white paper on the ground. I saw someone chasing after me, and I ran away, not knowing who it was. I felt threatened and immediately ran back to my

1

apartment to safety. Once I was in the apartment, the person through the documents at my door. **See Exhibit D.** The documents thrown at me were unreadable and damaged as they landed in a puddle of water on my porch and were further stuck to the pavement. The unreadable documents had a metal clip attached; I believe this was the second attempt to hit me in the head with it. I ask the court to note that when the documents were thrown, I was already inside the apartment due to the threatening nature of the unidentified man. I am attaching a photo of the Ring Doorbell's location; if you compare Exhibit D and E, you will see him through them, and I was already inside. **See Exhibit E.**

6. I contacted the Fort Worth Police Department again, and an officer arrived on the scene to take a report of the incidents and my injuries.

7. I went to urgent care, where they observed a lump on my head from what is believed to be the metal clip on the documents. As a result of these incidents, I experienced panic attacks, anxiety, and physical injuries, which led me to seek medical attention and treatment. I was put on an advanced antianxiety medication and antidepressant after this happened.

8. I want to inform this court that I am terrified and feel unsafe by the actions of the Behavior Analyst Certification Board, James Carr, Hall, Render, Killian, Heath & Lyman, Attorneys Mark Lynn Sabey, Lindsay Kathleen McManus, Brandon Scott Kulwicki, James Hatcher, and Stealth Process. Attorneys for the Defendants tried to intimidate me on the phone and say that this behavior was acceptable when it was not. The Behavior Analyst Certification Board and Hall, Render, Killian, Heath & Lyman. A Motion for Sanctions is forthcoming.

9. In this case, I have not been adequately served with the Summons and Complaint, and the documents thrown at me during the second encounter were unreadable, rendering any service invalid.

10. I refute the allegations made by the plaintiff's process server regarding his attempts at service, as they are inconsistent with the events that transpired on both occasions.

11. The process server's actions, including trespassing, loitering, and obstruction of correspondence, were illegal and violated various statutes. **See Exhibit F.**

12. The plaintiff's process server intentionally hid and manipulated the situation to deceive and intimidate me, causing significant emotional distress and harm. **See Exhibit G.**

13. The plaintiff's assertions regarding successful service are incorrect, as I was inside my apartment then, and the documents were unreadable and damaged.

14. Regarding service by mail under #10 of their default request, I was and have not been served via certified mail. If you look under their Exhibit B, you will note some things. First, in the signature box, it says "box." Not sure what box this was left in, but it was not delivered to me. The office did not have it, and it was not in my mailbox. Furthermore, that is not my signature or handwriting. Finally, someone wrote 716 on the document, but the correct apartment was 710. If it pleases this court, I am willing to have a forensic analyst compare 3rd party applications of my handwriting to this document. I would ask that since the burden to serve is on the Plaintiffs, they are responsible for this cost. But I was and have not been served via mail.

I request that the court deny the plaintiff's Motion for the Clerk's Entry of Default and that the court Dismiss all claims against Michael Moates as stated in the ORDER GOVERNING PROCEEDINGS (page 6). It is far past 90 days since the onset of this suit.

Very Respectfully,

/s/ **Michael Moates, EdD, Pro Se**

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 9, 2023, a true and correct copy of the foregoing was served upon the following:

Brandon Kulwicki

Hall Render Killian Heath & Lyman, PC

603 Munger Avenue, Suite 350

Dallas, TX 75202

4