## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BEHAVIOR ANALYST CERTIFICATION BOARD, INC., <br><br>Plaintiff, <br><br>v. <br><br>MICHAEL MOATES, an individual; <br>MISTY KIESCHNICK, an individual; and <br>THE GLOBAL INSTITUTE OF BEHAVIORAL PRACTITIONERS AND EXAMINERS, <br><br>Defendants. | ) <br>) <br>) <br>) <br>) <br>) Civil Action No. 4:23-cv-00194-ALM <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## PLAINTIFF'S INITIAL DISCLOSURE

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, by and through its attorneys, hereby serves its Initial Disclosures as follows:

**Produced Documents**

Documents can be downloaded using the following link:
https://hallrender.sharefile.com/d-se3cc58232a2a491eb31f71c7d6371c2b

### A. **WITNESSES**

The following individuals are likely to have discoverable information relevant to Plaintiff's claims and defenses:

1. <u>Michael Moates</u>, Defendant. Mr. Moates will have knowledge and information concerning the events and circumstances surrounding Plaintiff's claims and related issues that are the basis of this lawsuit.

2. <u>Misty Kieschnick</u>, Defendant. Ms. Kieschnick will have knowledge and information concerning the events and circumstances surrounding Plaintiff's claims and related issues that are the basis of this lawsuit.

3. Officers, Directors, Representatives of <u>The Global Institute of Behavioral Practitioners and Examiners</u>, (GIBPE) Defendant. These individuals will have knowledge and information concerning the events and circumstances surrounding Plaintiff's claims and related issues that are the basis of this lawsuit.

4. All witnesses disclosed by other parties in this matter.

5. Any person necessary to lay the foundation for documents or authenticate documents.

6. Any person necessary to clarify any issue and any person necessary for rebuttal or impeachment.

7. Any person named in the documents relevant to this lawsuit.

There may be additional individuals with knowledge of discoverable information relevant to the disputed facts alleged in the pleadings who will be disclosed pursuant to Plaintiff's continuing obligation to supplement its disclosures pursuant to F.R.C.P. 26(e) upon their discovery by the Plaintiff.

**B.** **DOCUMENTS**

The following documents, electronically stored information, and tangible things may be used to support Plaintiff's claims and defenses:

1. Defendant Kieschnick's comment on the Virginia Regulatory Town Hall, 03/16/22 (BACB-Moates-0001)

2. Defendants' letter to member of the United States Congress, Executive Branch, State Boards, and Additional Bodies concerning Plaintiff, 04/11/22 (BACB-Moates-0002 to 0022)

3. Plaintiff's cease and desist letter to Defendants, 04/08/22 (BACB-Moates-0023 to 0029)

4. Moates' RBT certification correspondence (BACB-Moates-0030 to 0063)

5. Email from Larry Kieschnick, 04/21/22 (BACB-Moates-0064)

6. Nicholson payment for courses (BACB-Moates-0065 to 0068)

7. GIBPE State Registry (BACB-Moates-0069)

8. GIBPE Colorado Registrants (BACB-Moates-0070 to 0167)

9. Emails and Twitter post by Michael Moates to BACB employees and/or agents (BACB-Moates-0168 to 0271)

10. GIBPE's infringing marks (BACB-Moates-0272)

11. Publication Timeline with underlying posts (BACB-Moates-0273 to 0380)

12. Defendants' public postings, comments, articles, and other social media that promulgate and perpetuate falsehoods or otherwise defame Plaintiff including but not limited to:

   a. GIBPE's website (https://gibpe.org)

   b. Virginia Board of Medicine public comments

   c. Virginia Regulatory Town Hall

   d. Newsbreak articles authored by Defendants (https://original.newsbreak.com)

   e. Twitter

13. Other correspondence that may exist that were threatened by Defendants including those to: ACLU, members of the press, candidates across the country for Governor, Attorney General, state and federal legislature.

14. Documents in Defendants' possession

There may be additional categories of documents, data compilations and tangible things in the possession, custody, or control of the Plaintiff and its counsel which are relevant to the disputed facts alleged in the pleadings and which will be used to support the Plaintiff's claims and defenses in this matter which will be disclosed pursuant to Plaintiff's continuing obligation to supplement its disclosures pursuant to F.R.C.P. 26(e).

C. **DAMAGES**

Because the statements made by the Defendants are defamation per se, damages are presumed. Plaintiff is seeking the following damages:

1. Punitive damages in an amount deemed just and appropriate by the factfinder(s);

2. Exemplary damages in an amount deemed just and appropriate by the factfinder(s);

3. Compensatory damages in an amount deemed just and appropriate by the factfinder(s);

4. Interest that may be applicable pre- and post-judgment;

5. Costs incurred by the Plaintiff as a result of this action;

6. Any other relief deemed appropriate.

Additionally, Defendants have made defamatory statements about Plaintiff to, at minimum, six state regulatory bodies (but others might be discovered through the course of this litigation)

that are at the very core of the BACB's credibility. Plaintiff estimates Defendants caused Plaintiff damages in the amount of $30,000 per state regulatory body.

Plaintiff reserves the right to amend and supplement this list of damages as circumstances may develop and information relevant to these damages may become available.

**D.     INSURANCE**

Plaintiff is unaware of insurance coverage that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**E.     PRIVILEGE-REDACTION LOG**

Plaintiff makes no disclosure pursuant to F.R.C.P. 26(b)(5) as to attorney-client, attorney work-product, and matters prepared in anticipation of litigation, as these matters are protected from discovery and disclosure. This includes, but is not limited to, matters related to consulting experts. Materials prepared by counsel for Plaintiff in anticipation of litigation, and information prepared by the Plaintiff at the direction of counsel, are all protected and privileged from disclosure based upon the attorney-client and the attorney work-product privileges, as well as the applicable provisions of F.R.C.P. 26(b)(3) [trial preparation materials] and pertinent case law.

The inadvertent production of any document, writing or other tangible thing that is not subject to disclosure or discovery is not intended to, nor shall it affect the waiver of any potentially applicable privilege or immunity from discovery/disclosure. If such material is inadvertently produced, request is made to the person or the party receiving the information to return the material to Plaintiff's counsel immediately, without reading, reproducing or sharing it with others, in conformance with all applicable principals.

Respectfully submitted this 15th day of August, 2023.

          HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

          *s/ Mark L. Sabey*
          Mark L. Sabey, *pro hac vice*
          Lindsay K. McManus, *pro hac vice*
          999 17th Street, Suite 800, Denver, CO 80202
          303-801-3538 / marksabey@hallrender.com
          303-802-1293 / lmcmanus@hallrender.com

          and
          Brandon S. Kulwicki
          HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
          603 Munger Avenue, Suite 350, Dallas, TX 75202
          P: 214-615-2025 / F: 214-615-2001
          bkulwicki@hallrender.com

          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

       The undersigned certifies that on August 15, 2023, a true and correct copy of the foregoing was served upon the following:

Misty Kieschnick
9448 Castlewood Dr.
Fort Worth, TX 76131
m.kieschnick@att.net
Defendant – *pro se*

Michael Moates
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

The Global Institute of Behavioral Practitioners and Examiners
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

                                            *s/ Crystal J. Sebastiani*
                                            Crystal J. Sebastiani, Paralegal