**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BEHAVIOR ANALYST CERTIFICATION BOARD, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:23-cv-00194-ALM |
| MICHAEL MOATES, an individual; MISTY KIESCHNICK, an individual; and THE GLOBAL INSTITUTE OF BEHAVIORAL PRACTITIONERS AND EXAMINERS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

---

**PLAINTIFF'S RESPONSE AND MOTION TO STRIKE DEFENDANT MICHAEL MOATES' MOTION TO DISMISS FOR FAILURE TO SERVE AND DEFENDANT MICHAEL MOATES' REPLY TO THE MOTION FOR DEFAULT JUDGMENT**

---

Plaintiff, the Behavior Analyst Certification Board, Inc. ("the BACB"), by and through its attorneys, submits its Response and Motion to Strike Defendant Michael Moates' ("Moates") Motion to Dismiss for Failure to Serve and Defendant Moates' Reply to the Motion for Default Judgment and, as such, states the following:

**INTRODUCTION**

Defendant Moates having failed to serve or file an Answer or responsive pleading to the Complaint within the time period required by F.R.C.P. 12(a)(1) has now filed a Motion to Dismiss claiming insufficient service of process only after Plaintiff filed a Request for Clerk's Entry of Default (Dkt. 36). Plaintiff opposes the Motion, as Moates has 1) failed to prove insufficient service of process; 2) failed to seek an extension of time from the court for his untimely motion; and 3) failed to provide any evidence of excusable neglect.

Defendant Moates' Motion to Dismiss makes no mention of Defendant The Global Institute of Behavioral Practitioners and Examiners ("GIBPE") and is silent as to any contentions of service of process upon GIBPE.  Therefore, GIBPE has failed to answer or otherwise defend and remains in default.

Plaintiff moves this Court to enter an Order 1) striking Moates' Motion to Dismiss (Dkt. 37) at untimely; 2) granting Plaintiff's Request for Clerk's Entry of Default (Dkt. 36) against Defendants Moates and GIBPE; 3) awarding attorney fees and costs; and 4) for such further relief this Court deems just and proper.

## FACTUAL BACKGROUND

Defendants Moates and GIBPE are well-aware of this lawsuit.  Despite the fact that the Plaintiff has now successfully served these Defendants by numerous methods, Defendants have chosen to play games with the judicial process, which has wasted both the Plaintiff's and the Court's time and resources. This behavior should not be rewarded.

Plaintiff incorporates by reference the facts and sequence of events described in Paragraphs 3 through 10 of Plaintiff's Request for Clerk's Entry of Default (Dkt. 36).

1.      On April 14, 2022 Plaintiff filed a lawsuit against Defendants in the District Court of Jefferson County, Colorado; Case # 22CV30428.  Moates waived service both individually and as the Registered Agent for GIBPE.  (Ex. 1) Through counsel, Defendants removed the action to federal court (Civil Action # 1:22-cv-01247).  Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and successfully argued that Colorado was not the proper jurisdiction for this lawsuit.

2.      **Over five months ago**, on March 10, 2023, Plaintiff filed this lawsuit. Now that this lawsuit has been filed in Texas, as Moates preferred, Moates has played games in attempt to prevent this litigation from moving forward.

3.      It is clear that Moates has been aware of this lawsuit since shortly after Defendant Misty Kieschnick – Moates' mother – was served.  On March 23, 2023, Ms. Kieschnick filed a Motion for Extension to File Response to Plaintiff's Petition (Dkt. 9).  The motion's envelope (Dkt. 9-1) has the following return address:

> Michael Moates
> 5764 N. Orange Blossom Trl PMG 61546
> Orlando, FL 32810

Moates therefore mailed Ms. Kieschnick's motion to the court.

4.      Because Moates had previously waived service on his and GIBPE's behalf, on five occasions, from March 27, 2023 through April 6, 2023, Plaintiff's counsel sent emails to Moates' known email addresses including:

- michaelsmoates@gmail.com
- mmoates@email.fielding.edu
- m.moates@att.net (returned undeliverable)
- mike@qbswb.com
- mike@cpmht.com

(Ex. 2) Each email contained the Complaint, Summons, Waiver for Moates, and Waiver for GIBPE.

5.      From April 27, 2023 through May 5, 2023, a process server made three unsuccessful attempts to serve Moates at his current address.  Each time there was evidence that Moates was home and either refusing to answer the door or actively evading service.

- 04/27/23: Leasing confirmed subject lives here and that he was difficult to work with. She said he was home because his vehicle was parked outside. Knocked and rang bell multiple times, no answer. Left card on door. Subject vehicle present.

- 04/28/23: Card from last visit gone, knocked and rang bell, no answer. Left card on door. Subject vehicle present.

- 05/05/23: Approx 6:30 pm an uber eats dropped off food at the subjects door. I proceeded to the front door and waited. I then noticed he had a ring camera and a peep hole. I covered them up and waited by the steps.

- 05/05/23 Approx at 7:15 pm the subject came out to the patio to check to see if I had left. He saw me and I saw him and recognized him by his photo but then he hurried inside before I can say his name or drop serve him by throwing the papers onto the patio.

(Ex. 3)

6.    On May 19, 2023 a separate service on GIBPE was completed upon Ms. Kieschnick as a director of GIBPE. (*See* Affidavit of Service, Dkt. 25)  Moates' emailed counsel for Plaintiff on May 22, 2023 stating, "Ms. Kieschnick is no longer with the institute and cannot accept service on behalf of it. Thus, service to her a few days ago is invalid." (Ex. 4)  Again, this email demonstrates Moates was well aware of this lawsuit.

7.    On May 22, 2023, Moates was successfully served individually and on behalf of GIBPE.  A video of the service is produced herein as Ex. 5.  Screenshots from the video are marked as Ex. 6.  The screenshots illustrate the following:

- Page 1: shows a sunny day with no signs of standing water.
- Page 2: shows the binder clip holding 82 pages of paper (service packets to Moates and GIBPE).
- Page 3: shows Moates attempting to evade service and running into his apartment.  No evidence of standing water.
- Page 4: shows the papers flying through the air.
- Page 5: shows Moates made it inside the apartment and his dog following behind.

4

8.      Moates also provided photographs from his Ring doorbell. (Ex. 7) These photographs show Moates running away from the process server and entering his apartment as the papers flew through the air.

9.      Shortly after service, Moates called Plaintiff's counsel, Lindsay McManus, claiming that that the documents got in a bunch of water and thus cannot be read. However, the papers must have been legible enough to see Ms. McManus' phone number.

10.     That same day, Moates sent three emails from [mike@cpmht.com](mailto:mike@cpmht.com) to counsel for Plaintiff, which included the following statements:

- I have a video recording, and you can hear the thump from the metal hitting the wall…
- I am willing to work toward an agreement that all parties can be happy with.
- But lucky for you, mLocal (sic) Rules permit this: (G) be sent by first-class mail or other reliable means. You have my approval. At which point, I will waive service upon arrival.
- …he threw the documents at me and said you have been served.
- I look forward to being served via postal mail.

(Ex. 8; p. 2, 4, 7, 8, 9).

11.     On May 23, 2023 Plaintiff's counsel sent an email to [mike@cpmht.com](mailto:mike@cpmht.com) transmitting the following:

- Case Docket
- Complaint
- Summons to Moates
- Summons to GIBPE
- Affidavit of Service upon GIBPE on 05/19/23
- Affidavit of Service upon GIBPE on 05/22/23
- Affidavit of Service upon Moates on 05/22/23
- Magistrate Consent Form
- Copy of email sent to mike@cpmht.com on 04/06/23
- Waiver of Service for Moates

(Ex. 9)

12.     Within the hour Moates sent another email from mike@cpmht.com making the

below statements:

- I will not be signing your waiver. … I don't consent to service by email.
- I will not return [the waiver] until a copy has been mailed to me.
- Until a hard copy is sent to me... I consider the service to not be completed.

(Ex. 10)

13.     In attempt to avoid a lengthy argument about the validity of service, Plaintiff sent

service packets[1] to Moates and GIBPE via UPS Overnight and Certified Mail.  The UPS package

was delivered to the leasing office on May 30, 2023. (Ex. 11)  The Certified Mail was delivered

directly to Moates on May 30, 2023. (Ex. 12)

14.     Moates is a frequent litigant.  From 2020 to 2023, Moates has been a plaintiff in ten

(10) cases and a defendant in three (3) cases filed in federal court alone.  One case was filed by

Moates on July 25, 2023 -- four months after the commencement of this lawsuit .  (Ex. 13)

15.     In each federal court lawsuit besides this one, Moates provides an email address in

his signature block and/or explicitly consents to receiving service via email.  The email addresses

used are among those used by Plaintiff's counsel as described above in the paragraph 4, including:

mike@cpmht.com, which is the same email Moates has used to correspond with the undersigned

in this case and the same email on the signature block for Moates' Motion to Dismiss for Failure

to Serve and Reply to the Motion for Default Judgment (Dkt. 37).

---

[1] Each service packet contained a copy of the Complaint, Summons, and Waiver directed to Moates and GIBPE.

16.     Plaintiff also believes that Moates is a registered ECF user.  Moates has received Instructions to a Non-Prisoner *Pro Se* Plaintiff in no less than three cases. (Ex. 14)

17.     On August 2, 2023, Plaintiff filed a Request for Clerk's Entry of Default (Dkt. 36). This Request was served upon Moates and GIBPE by email at [mike@cpmht.com](mailto:mike@cpmht.com) and first class mail at 4501 Nautilus Circle #710, Fort Worth, Texas 76106.

18.     Faced with an entry of default, on August 3, 2023, Moates made an appearance in this case and filed a Motion to Dismiss for Failure to Serve and Reply to the Motion for Default Judgment (Dkt. 37).  The email and mailing addresses within Moates' signature block in this filing are consistent with the addresses used for service of the Complaint and service of the Request for Clerk's Entry of Default.  The fact that Moates was able to receive, review, and respond to Plaintiff's Request for Clerk's Entry of Default within 24 hours indicates that Moates successfully received Plaintiff's pleading via email rather than USPS First Class Mail, which takes one to five business days for delivery. (www.usps.com)

## ARGUMENT

### I.     Defendants Moates and GIBPE Have Been Served.

Plaintiff incorporates by reference the facts and sequence of events described in Paragraphs 3 through 10 of Plaintiff's Request for Clerk's Entry of Default (Dkt. 36).

The extensive factual background provided above conclusively proves that Defendants Moates and GIBPE are not only aware of this lawsuit, but have been served in countless ways by Plaintiff. Pursuant to F.R.C.P. 4(d), Defendants Moates and GIBPE have a "duty to avoid unnecessary expenses of serving the summons." Defendants Moates and GIBPE have fallen far short of this duty, causing Plaintiff to incur great expense in attempt to serve all defendants.

## II.      Defendant Moates' Motion to Dismiss is Untimely

As demonstrated in the above factual background, at the earliest, Moates was served on May 22, 2023 and, at the latest, Moates was served on May 30, 2023.  Using the latter date, Moates' answer or responsive pleading was due by June 20, 2023.

Rule 6(b)(1) specifically states that:

> "When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> …
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Moates failed to seek leave of court allowing the submission of a responsive pleading after the deadline.  The Motion to Dismiss was filed 44 days after the deadline under F.R.C.P. 12(a)(1). In *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962), the court stated that "a party may seek an extension, but when he fails to do so, and gives no excuse for his delay beyond twenty days, except inadvertence, the other party may be entitled to an entry of default."

Defendant Moates chose to roll the dice and play games with the judicial process in deciding not to file an answer or a responsive pleading within the appropriate court mandated time frame. Moates could have even filed the present motion within the requisite timeframe, but failed to do so. It was not until Moates  was faced with an entry of default that he decided to respond.

## III.      Defendant Moates Has Failed to Demonstrate Excusable Neglect

Despite the fact that Moates did not request an extension of time under Rule 6 in which to file his Motion to Dismiss, Moates would still need to demonstrate that his failure to act was excusable neglect.  Moates has done no such thing.

Four factors are considered in determining whether neglect is excusable, including (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Excusable neglect "covers cases of negligence, carelessness, and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (internal citation omitted). "The determination of "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

### A.  The Danger of Prejudice to Plaintiff

Plaintiff has been actively pursuing its claims against Defendants for 16 months. Defendants have made every attempt to thwart Plaintiff's lawsuit thus preventing Plaintiff's attempts to seek justice.  Defendants have been actively and publicly attempting to tarnish Plaintiff's reputation by promulgating and perpetuating falsehoods about Plaintiff – both through public media outlets and through litigation by the many cases filed by Moates.  The longer Defendants are allowed to delay legitimate court processes, the longer Plaintiff's reputation is injured without recourse.

### B.  The Length of The Delay and Its Potential Impact on Judicial Proceedings

The delay that Plaintiff has experienced is extreme and ongoing.  Plaintiff has spent many thousands of dollars in attorney fees and costs in attempt to litigate this case.  After 16 months, Defendants and witnesses have moved and/or changed jobs; officers and directors of GIBPE have

moved out of state; memories fade; evidence is not properly preserved; and Defendants continue their defamation crusade against Plaintiff.

### C. The Reason for The Delay, Including Whether It Was Within The Reasonable Control of The Movant

The reason for Moates' delay with filing a Motion to Dismiss was fully intentional and under his reasonable control.  Evidence shows that Moates has remained informed about this lawsuit but has chosen to remain silent until faced with the risk of entry of default.

### D.  Whether The Movant Acted In Good Faith

Moates' actions have not been in good faith.  Rather, he attempts to side step and ignore the court system by pretending that he is uninformed and has not been served.  Moates agreed to sign a waiver if the Complaint and Summons were mailed to his residence.  When Plaintiff complied with his requests (despite service having already been achieved), he promptly reneged and fell silent.  As a frequent litigant, Moates is familiar with the Rules of Civil Procedure and has intentionally ignored his obligations.  Such gamesmanship should not be rewarded.

### IV.    GIBPE Remains in Default

The factual background establishes that GIBPE was served no less than three times.[2]  At the latest, GIBPE's answer or responsive pleading was due no later than June 20, 2023.

Moates cannot argue that his Motion to Dismiss, as a pro se litigant, was also meant address the service of process upon GIBPE.  In fact, his Motion to Dismiss does not address service of GIBPE at all.  Appearances filed in the federal courts are governed by 28 U.S.C.A. § 1654. Cases involving 28 U.S.C.A. § 1654 hold that corporations may not appear pro se in the federal court. A

---

[2] First, on May 19, 2023, see Affidavit of Service (Dkt. 25).  Second, on May 22, 2023, see Affidavit of Service (Dkt. 19).  Third, on May 30, 2023, see Ex. 12.

corporation cannot represent itself pro se even where the corporation has one shareholder who is also the president. This is so even where the corporation cannot afford counsel.  *See, e.g.*, *Southwest Exp. Co. v. I. C. C.*, 670 F.2d 53, 56 (5th Cir. 1982) ("a corporation, cannot appear in proper person as a corporation or through its corporate officer, under settled interpretations applicable to 28 U.S.C. s 1654. It can enter an appearance in this court **only through an attorney admitted to practice before this court**.") (emphasis added).

To date, GIBPE has failed to make an appearance or file a responsive pleading in this action.  "The defendant corporation's failure to … secure counsel constitutes a failure to defend and will subject the party to a default judgment." *Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc.,* 655 F. Supp. 2d 177 (E.D. N.Y. 2009); *see also Citadel Commerce Corp. v Cook Sys., Inc*., 2009 WL 1515736, at *1 (M.D. Fla. 2009) ("Entry of default is a proper sanction for a defendant corporation's failure to obtain counsel.").  Therefore, GIBPE has failed to answer or otherwise defend and remains in default.

WHEREFORE, Plaintiff respectfully requests that this Court to enter an Order 1) striking Moates' Motion to Dismiss (Dkt. 37) as untimely; 2) granting Plaintiff's Request for Clerk's Entry of Default (Dkt. 36) against Defendants Moates and GIBPE; 3) awarding attorney fees and costs; and 4) for such further relief this Court deems just and proper.

Respectfully submitted this 24th day of August, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*
Lindsay K. McManus, *pro hac vice*
999 17th Street, Suite 800, Denver, CO 80202
303-801-3538 / marksabey@hallrender.com
303-802-1293 / lmcmanus@hallrender.com

and
Brandon S. Kulwicki
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
603 Munger Avenue, Suite 350, Dallas, TX 75202
P: 214-615-2025 / F: 214-615-2001
bkulwicki@hallrender.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 24, 2023, a true and correct copy of the foregoing was served upon the following:

Misty Kieschnick
9448 Castlewood Dr.
Fort Worth, TX 76131
m.kieschnick@att.net
Defendant – *pro se*

Michael Moates
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

The Global Institute of Behavioral Practitioners and Examiners
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*