# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Behavior Analyst Certification Board | Case No.: 4:23-cv-00194-ALM |
| Plaintiffs | |
| v. | **JURY TRIAL DEMANDED** |
| Dr. Michael Moates, Misty Kieschnick, and the Global Institute for Behavior Practitioners and Examiners |  AUG 2 8 2023  Clerk, U.S. District Court Eastern District of Texas |
| Defendants | |

Amended **MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Dr. Michael Moates respectfully submits this Motion to Dismiss, addressing concerns related to Jurisdiction/Venue, Service of Process, and the nature of the Complaint as a "shotgun pleading."

## II. BACKGROUND

The Behavior Analyst Certification Board and its attorneys have portrayed an image suggesting a lack of participation on Dr. Moates' part. Contrary to this portrayal, the absence of participation stems from inadequate service of documents and personal emergencies, including family health crises and assisting a friend in a domestic violence situation.

## III. JURISDICTION / VENUE

Pursuant to 28 U.S. Code § 1391, a civil action's proper venue is determined by the defendant's residence or where the significant events leading to the claim occurred.

All Defendants reside within the jurisdiction of the United States District Court for the Northern District of Texas, making this court an inappropriate venue.

All actions alleged in this lawsuit took place within the jurisdiction of the United States District Court for the Northern District of Texas, making this court an inappropriate venue.

Previous motions, including Defendant Misty Kieschnick's Motion to Dismiss (#22), remain pending, further complicating the venue issue.

## IV. IMPROPER SERVICE OF PROCESS

The actions of the process server, as detailed in the initial motion, were not only unprofessional but also threatening. **See Exhibit A - Contact made with the Fort Worth Police Department. See Exhibit B - Process Server throws 80 page documents (according to Plaintiffs') with metal clip at my head.**

The discrepancies in the service process, including tampering with personal property, physical intimidation, blocking of security cameras/peepholes, render any service invalid. **(#20 - Process Server Affidavit)**

The Texas Judicial Branch Certification Commission's ongoing investigation into the process server further supports this claim. **See Exhibit C - Notice of Complaint JBCC.**

## V. FAILURE TO STATE A CLAIM: SHOTGUN PLEADING

Defendant Dr. Michael Moates requested a copy of the complaint online at Court Listener and offers the following Motion to Dismiss:

Plaintiff's Complaint is a quintessential "shotgun pleading." It lacks clarity, conflates multiple defendants without specificity, and violates Rule 8(a) of the Federal Rules of Civil Procedure.

The Complaint in this case is rife with such deficiencies. It lumps together multiple defendants without specifying who is responsible for what alleged wrongdoing, thereby violating the basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

The Complaint lists six causes of action but fails to specify which allegations are meant to support each cause of action. This lack of clarity forces Defendants to guess what allegations pertain to what claims, making it impossible to prepare a defense.

The Complaint lists six causes of action but fails to specify which law they are applying to the complaint. For example, are they applying a federal or state statute? If state law, are they applying Colorado law where the first complaint was filed, or Texas law?

The lack of specificity in the Complaint prejudices Defendants by requiring them to sift through vague and generalized allegations to determine the basis for each claim. This not only complicates the task of preparing a defense but also risks wasting the Court's time and resources.

Given that this is Plaintiff's fourth attempt at stating a claim, the principle of finality necessitates dismissal with prejudice to prevent further prejudice to the Defendants.

## VI. EXTRAORDINARY CIRCUMSTANCES

The personal emergencies faced by Dr. Moates, including family health crises and assisting a friend in a domestic violence situation, further complicate the matter. These circumstances have

not only been emotionally taxing but have also hindered Dr. Moates' ability to participate fully in these proceedings.

*Grandmother*

1. On 23 March 2023, Defendant Kieschnick notified Defendants and this court of the passing of her stepfather and my grandfather Steve Mitchell. This court granted her Emergency Motion for Extension to File Response to Plaintiff's Petition. See Dkt # 12.
2. After his passing, my grandmother, Yvonne Mitchell subsequently moved to Texas from North Carolina. In addition to dealing with his end of life care, after death arrangements, and moving, my grandmother was hospitalized.
3. She went into the Saginaw Emergency Room and was transferred from the Emergency Room to a full hospital at Medical City Alliance in Fort Worth, Texas. She was admitted for nausea/vomiting, breathing problems, heart problems, and pain problems related to her back.
4. Since being hospitalized shortly after arriving in Texas, her health has been in decline and she is currently at a rehab facility receiving support for basic daily life skills such as being able to walk. She is currently on oxygen 24/7 and numerous medications. **See Exhibit D.**
5. Since being hospitalized and in rehabilitation, a family member has been with her around the clock. The three family members who have stayed with her are Defendant Misty Kieschnick, Defendant Michael Moates, and her other daughter. Due to the rapid changing health conditions, need for patient advocacy, and other needs, this has been

4

absolutely mandatory. So much so that prior to the court vacating its initial hearing, Defendants had drafted a Motion to request a continuance.

*Domestic Violence*

6. In addition to dealing with my grandmother being in the hospital, a close friend of mine was in a domestic violence situation in which the police were called out numerous times as she was being abused. This friend, with my help, chose to move away from her abuser and got an apartment with me. This happened on 26 May 2023.
    a. Police Reports with the Killeen Police Department will support a showing of domestic violence. Report numbers are: K22079725, K22151917, K22151882, and 23-1200415.
    b. There was also a report filed with the Austin Police Department. The report number is: 23-005562.
    c. After moving in with me, a subsequent police report was filed with the Waco Police Department. The report number is: 230800212.
7. During this time, I was helping her move into a new apartment with me to help her feel safe. I am attaching an executed lease for a 2 bedroom apartment. I have redacted all identifying information to protect her privacy. **See Exhibit E.**
8. During this time, I was helping her get treatment for physical and mental health.
9. During this time I was helping her file a protective order, and all of the other logistics that come with domestic violence. If needed, I can help the court verify this with the Bell County, County Attorney.

5

10. She was also hospitalized for a systemic infection and Tachycardia at the same emergency room in Saginaw, Texas. She was also transferred to Medical City Alliance Hospital where she was there for nearly a week.

11. Shortly after moving in together, her abuser began emotionally abusing me at all hours of the day and night, and was coming over to our apartment drunk and on drugs. His continued harassment of me led me to notify the Waco Police Department and forced me to move again for my own safety. **See Exhibit F.**

## VII. CONCLUSION / PRAYER FOR RELIEF

Given the aforementioned reasons, Defendant Dr. Michael Moates respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice. The repeated filings, lack of clarity in the Complaint, and personal circumstances faced by Dr. Moates warrant such a dismissal.

WHEREFORE, Defendant Dr. Michael Moates respectfully prays for the following relief:

That the Court dismiss the Complaint filed by Plaintiff Behavior Analyst Certification Board, Inc. with prejudice due to improper venue and jurisdiction.

That the Court dismiss the Complaint with prejudice for failure to properly serve Defendant Dr. Michael Moates in accordance with the Federal Rules of Civil Procedure.

That the Court dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted, specifically due to its nature as a "shotgun pleading."

That the Court grant any other relief that it deems appropriate under the circumstances.

Very Respectfully,

/s/ Michael Moates, EdD, Pro Se

4501 Nautilus Circle #710

Fort Worth, Texas

254-966-2837

mike@cpmht.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 9, 2023, a true and correct copy of the foregoing was served upon the following:

Brandon Kulwicki

Hall Render Killian Heath & Lyman, PC

603 Munger Avenue, Suite 350

Dallas, TX 75202