IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BEHAVIOR ANALYST CERTIFICATION BOARD, INC., )<br><br>Plaintiff, )<br>v. )<br>)<br>MICHAEL MOATES, an individual; )<br>MISTY KIESCHNICK, an individual; and )<br>THE GLOBAL INSTITUTE OF BEHAVIORAL )<br>PRACTITIONERS AND EXAMINERS, )<br>)<br>Defendants. ) | Civil Action No. 4:23-cv-00194-ALM |

**PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL MOATES'
AMENDED MOTION TO DISMISS**

Plaintiff, the Behavior Analyst Certification Board, Inc. ("the BACB"), by and through its attorneys, submits its Response to Defendant Moates' Amended Motion to Dismiss (the "Amended Motion") and, in support thereof, states the following:

**A. Defendant Moates' Amended Motion Is Untimely.**

At the outset, the BACB notes that Defendant Moates' Amended Motion is untimely because he filed it without seeking leave of court. Fed. R. Civ. P. 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier**." (emphasis added). Moates' original Motion to Dismiss was filed on August 3, 2023. August 24, 2023, was therefore the "earlier" deadline for Moates to file the Amended Motion without seeking leave of court. He failed to meet this deadline when he filed the Amended Motion on August 28,

2023, and he also failed to seek leave of court. The Court should therefore strike the Amended Motion.

### B. Moates Has Been Served In Numerous Ways.

Plaintiff has already exhaustively briefed the numerous ways in which it has served Defendant Moates in this case. So as to save time and expense, Plaintiff points the Court to its Response and Motion to Strike Defendant Michael Moates' Motion to Dismiss for Failure to Serve and Defendant Moates' Reply to the Motion for Default Judgment (Dkt. 42), which is hereby incorporated in its entirety as if fully set forth herein.

### C. Plaintiff Has Already Stipulated To A Change In Venue.

Plaintiff has already made its position clear that it is willing to stipulate to a change in venue in this case. Plaintiff's Response to Defendant Kieschnick's Motion to Dismiss – which has now been pending for over three months – states that "Plaintiff is not opposed to the Court transferring this case to the Northern District of Texas, where both Defendant Kieschnick and Defendant Moates reside." (Dkt. 27). Accordingly, this issue is already fully briefed for the Court.

### D. Plaintiff's Complaint Is Sufficiently Specific To Meet Rule 8's Pleading Requirements.

Fed. R. Civ. P. 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." According to the Fifth Circuit, "[a] plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. In most cases, challenges to 'barebones pleadings' are doomed with respect to an attack based on a failure to state a claim." *Colle v. Brazos Cnty*, 981 F.2d 237, 243 (5th Cir. 1993). *See also Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009))( "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'").

Plaintiff's Complaint exceeds the pleading standards set forth in Rule 8. In fact, it would be impossible for Plaintiff to be more specific in its Complaint in that Plaintiff clearly references (1) the various publication locations in which the Defendants published the various defamatory statements; (2) the substance of the Defendants' various defamatory statements; and (3) which Defendant made or published the statements. *See, e.g.*, Complaint at ¶¶ 24-25, 27. Additionally, the Complaint sets forth the specific marks the Defendants are using to infringe upon Plaintiff's Federally Registered trademarks, which are also thoroughly described in the Complaint.

Finally, lack of specificity does not justify dismissal with prejudice. According to Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires."

### E. Moates Has Never Conferred with Plaintiff Nor Requested An Extension Of Time To File A Responsive Pleading.

Moates has yet to confer with Plaintiff about any of the pleadings he has filed in this case. Additionally, he has never requested an extension of time from Plaintiff as a result of the difficult personal circumstances he is facing. Plaintiff would not have opposed a reasonable extension of time for the emergencies set forth in Moates' Amended Motion. Be that as it may, if Moates has the time to file other documents in another case he has brought and to persist in harassing Plaintiff, then he certainly has the time to participate in this litigation in a timely fashion. *See, e.g.*, *Moates v. State of North Carolina*, 4:23-cv-00772 (N.D. Tex.) filed July 25, 2023 (a pro se action brought by Moates against the states of North Carolina, Texas, Virginia, and Nevada, challenging the BACB's certification process in those states and including numerous filings by Moates in July, August, and September 2023).

**F. The Global Institute of Behavioral Practitioners and Examiners (GIBPE) Has Utterly Failed To Participate In This Lawsuit.**

As set forth in Plaintiff's Motion to Strike Defendant Michael Moates' Motion to Dismiss for Failure to Serve and Defendant Moates' Reply to the Motion for Default Judgment (Dkt. 42), the GIBPE has not hired counsel in order to participate in this case. Moreover, Defendant Moates' personal emergencies do not excuse the GIBPE from its lack of participation and Moates makes no mention of the GIBPE in the Amended Motion. At minimum, entry of default should be entered against the GIBPE in this case.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order 1) striking Moates' Amended Motion to Dismiss (Dkt. 43) as untimely; 2) granting Plaintiff's Request for Clerk's Entry of Default (Dkt. 36) against Defendants Moates and GIBPE; 3) awarding attorney fees and costs; and 4) for such further relief this Court deems just and proper.

Respectfully submitted this 11th day of September, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*
Lindsay K. McManus, *pro hac vice*
999 17th Street, Suite 800, Denver, CO 80202
303-801-3538 / marksabey@hallrender.com
303-802-1293 / lmcmanus@hallrender.com

and
Brandon S. Kulwicki
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
603 Munger Avenue, Suite 350, Dallas, TX 75202
P: 214-615-2025 / F: 214-615-2001
bkulwicki@hallrender.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 11, 2023, a true and correct copy of the foregoing was served upon the following:

Misty Kieschnick
9448 Castlewood Dr.
Fort Worth, TX 76131
m.kieschnick@att.net
Defendant – *pro se*

Michael Moates
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

The Global Institute of Behavioral Practitioners and Examiners
4501 Nautilus Circle, Apt. 710
Fort Worth, TX 76106
mike@cpmht.com
Defendant – *pro se*

*s/ Mark L. Sabey*
Mark L. Sabey, *pro hac vice*